HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
REED GRANTHAM, CA Bar #294171
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorneys for Defendant
RAMON MAGANA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

             Plaintiff,

vs.

RAMON MAGANA et al,

             Defendant.

Case No. 1:18-cr-00068-DAD-BAM

**STIPULATION TO CONTINUE TRIAL; ORDER**

        IT IS HEREBY STIPULATED, by and between the parties through their respective

counsel, Assistant United States Attorney Kathleen Servatius, counsel for plaintiff, Assistant

Federal Defender Reed Grantham, counsel for Ramon Magana, and Richard Oberto, counsel for

Maurillo Serrano-Cardenas, that the trial currently scheduled for March 9, 2021, at 8:30 a.m.

may be moved to October 19, 2021, at 8:30 a.m.. Additionally, the parties stipulate that the

currently scheduled February 22, 2021 trial confirmation hearing may be continued to October 4,

2021, at 10:00 a.m. There is good cause to continue the trial date as set forth below.

        1.      The Indictment charges both Mr. Magana and Mr. Serrano-Cardenas with

conspiracy to distribute a controlled substance, aiding and abetting (Count 1) and possession of a

controlled substance with intent to distribute a controlled substance, aiding and abetting (Count

2). If convicted, Counts 1 and 2 each carry a mandatory minimum sentence of 10 years to life.

///

2.      Trial in this matter is currently set for Tuesday, March 9, 2021, and a trial confirmation hearing is set for February 22, 2020.

3.      Counsel in this matter are requesting a continuance in this matter for the reasons set forth below.

4.      A continuance of the current March 9, 2021 trial date is appropriate in light of the significant public health concerns created by the ongoing and ever-evolving COVID-19 pandemic. For the reasons set forth in this Court's General Orders 610 to 620, issued between March 12, 2020, and June 29, 2020, a continuance is necessary to minimize risk to the public, court staff, and counsel and because the public health restrictions put in place to address the COVID-19 pandemic have materially impacted the ability of counsel to adequately prepare for trial in advance of the March 9, 2021 trial date.

5.      On March 4, 2020, the Governor of the State of California declared a Proclamation of a State of Emergency to exist in California as a result of the COVID-19 pandemic. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact. These social distancing guidelines—which are essential to combatting the virus—are generally not compatible with holding in-person court hearings, including trial proceedings.

6.      On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned district court judges to continue criminal matters after May

1, 2020 and excluded time under the Speedy Trial Act. General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

       7.     On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload and its shortage of judicial resources. The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

       8.     On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act. On May 13, 2020, General Order 618 issued, continuing court closures indefinitely and continuing the suspension of juror service in civil and criminal matters until further notice. General Order 620, issued on June 29, 2020, permitted the continued use of video and teleconferencing for a variety of criminal proceedings, not including jury trials.

       9.     As of February 12, 2021, the California Department of Health reported a total of 3,381,000, 10,079 current cases, and 46,002 fatalities in the state of California as a result of the spread of the virus. As of the date of this filing, coronavirus cases in the state and Eastern District of California appear to be on the rise. Given the upsurge in cases within the state and specifically within the Eastern District of California and this Court's general orders suspending civil and criminal trials in the district, a continuance of this trial is warranted.

      10.     In addition, the state and county-wide public health restrictions put in place during the course of the pandemic, including those that encourage counsel to telework, to minimize personal contact, and to maintain physical distance, have materially impacted counsel's ability to meaningfully conduct in-person witness interviews, to meaningfully meet with and discuss the case with the defendants, to meet with and retain necessary experts, and to be adequately prepared for trial in advance of the current March 9, 2021 trial. As a result, a continuance is necessary in this case so that the parties can be adequately prepared for trial and

1    to undertake all aspects of trial preparation.

2         11.    Lastly, additional time is necessary so that all parties can engage in further plea

3    negotiations that may resolve this matter without the need for a trial. The time requested will

4    further enable undersigned counsel to continue to review discovery material in order to evaluate

5    such material which may result in a resolution other than trial.

6         12.    The date proposed is a mutually agreeable date for the parties and the parties

7    request this continuance with the intention of conserving time and resources for both the parties

8    and the Court.

9         13.    In addition to the above, the parties agree and stipulate, and request that the Court

10   find the following:

11         a.    If the case did not resolve, counsel for defendants desire additional time to

12   review the current charges, to review the discovery, which include Spanish-language records, to

13   conduct research and investigation related to the charges and potential pretrial motions, and to

14   consult with their clients;

15         b.    Counsel for defendants believe that failure to grant the above-requested

16   continuance would deny them the reasonable time necessary for effective preparation, taking into

17   account the exercise of due diligence.

18         c.    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C.

19   § 3161, *et seq.*, within which trial must commence, the time period of March 9, 2021 until

20   October 19, 2021 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i)

21   and (iv) because it results from a continuance granted by the Court at defendants' request on the

22   basis of the Court's finding that the ends of justice served by taking such action outweigh the

23   best interest of the public and the defendant in a speedy trial.

24         14.    Nothing in this stipulation and order shall preclude a finding that other provisions

25   of the Speedy Trial Act dictate that additional time periods are excludable from the period within

26   which a trial must commence.

27   ///

28   ///

1        Respectfully submitted,

2
        McGREGOR W. SCOTT
3        United States Attorney

4
    Date: February 12, 2021        */s/ Kathleen Servatius*
5        KATHLEEN SERVATIUS
        Assistant United States Attorney
6        Attorney for Plaintiff

7
        HEATHER E. WILLIAMS
8        Federal Defender

9
    Date: February 12, 2021        */s/ Reed Grantham*
10        REED GRANTHAM
        Assistant Federal Defender
11        Attorney for Defendant
        RAMON MAGANA
12

13
    Date: February 12, 2021        */s/ Richard Oberto*
14        RICHARD OBERTO
        Attorney for Defendant
15        MAURILLO SERRANO-CARDENAS

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# **O R D E R**

2        Pursuant to the parties' stipulation, which this Court incorporates by reference into this

3   Order, and for good cause shown, IT IS HEREBY ORDERED that the trial currently scheduled

4   for March 9, 2021, at 8:30 a.m. be continued to October 19, 2021, at 8:30 a.m. The time period

5   between March 9, 2021, and October 19, 2021, inclusive, is excluded from the calculation under

6   the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i) and (iv) for the reasons stated in

7   the parties' stipulation. The Court finds that the ends of justice served by taking such action

8   outweigh the best interest of the public and the defendant in a speedy trial. It is further ordered

9   that the currently scheduled February 22, 2021 trial confirmation hearing be continued to

10  October 4, 2021, at 10:00 a.m.

11

IT IS SO ORDERED.

12

13      Dated:   **February 16, 2021**                    _Dale A. Drozd_
                                                    _____
14                                                  UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28